**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DWIGHT ANDRE CAMPBELL,<br><br>Plaintiff,<br>v.<br><br>GOVERNOR JOSH SHAPIRO, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 3:25-cv-00314<br>Judge Stephanie Haines |

**OPINION**

## I. Introduction

In this case, Plaintiff Dwight Andre Campbell ("Mr. Campbell") advances multiple claims alleging violations of his rights under the United States Constitution and various other provisions of law as against Defendants Governor Josh Shapiro ("Governor Shapiro"), the Honorable Matthew Dunio ("Judge Dunio"), Peter Jon Weeks ("Mr. Weeks"), Jessica A. Weil ("Ms. Weil"), the Pennsylvania Department of Corrections (the "PA DOC"), Abby Tate ("Ms. Tate"), Logan Township Police Department (the "LTPD"), the Blair County Sheriff (the "BCS"), Blair County, Pennsylvania ("Blair County"), Bedford County Jail (the "BCJ"), Tyler Rowles ("Mr. Rowles"), Mark Zearfus ("Attorney Zearfus"), Kelcie Weaver ("Ms. Weaver"), and Ryan Jennings ("Mr. Jennings") (collectively, "Defendants").

Because the grouping and representation of Defendants is critical to this Opinion, the Court briefly overviews the status of each Defendant's representation in this matter. Attorney Ryan A. Cardillo ("Attorney Cardillo") represents Governor Shapiro and the PA Doc in this action. Attorney Nicole Feigenbaum ("Attorney Feigenbaum") represents Judge Dunio in this case.[1] Mr.

[1] Attorney Jennifer M. Herrmann ("Attorney Herrmann") previously represented Judge Dunio.

Weeks, Mr. Rowles, Ms. Weaver, and Ms. Weil are all currently unrepresented. Attorney Mary Lou Maierhofer ("Attorney Maierhofer") represents Ms. Tate, the BCS, Blair County, and the BCJ (collectively, the "County Defendants") in this matter. Attorney Paul D. Krepps ("Attorney Krepps") represents the LTPD in this action. Attorney Zearfus represents himself in this case. Finally, Attorney Christopher J. Watson ("Attorney Watson") represents Mr. Jennings in this matter.

Currently pending before the Court are sixteen motions, most of which have been filed by Mr. Campbell. This Opinion resolves, or at the very least address, each of those Motions.

First, for the following reasons, the Court DENIES Mr. Campbell's requests (ECF Nos. 16, 23, 38, 41, 52) that this action be remanded to the Court of Common Pleas of Blair County Pennsylvania. In a related vein, the Court DENIES Mr. Campbell's request for Default at ECF No. 17.

Second, for the following reasons, the Court DENIES Mr. Campbell's Motion to move State Court Criminal Cases Against Him to this Court. (ECF No. 29).

Third, for the following reasons, the Court DENIES Mr. Campbell's requests for recusal of the undersigned and a prior Magistrate Judge of this Court. (ECF Nos. 44, 50).

Fourth, the Court will HOLD IN ABEYANCE the Motions to Dismiss at ECF Nos. 3 and 7 because Mr. Campbell has yet to respond to those Motions. In light of Mr. Campbell's failure to respond thereto, the Court will require him to show cause, on or before October 15, 2026, why this case should not be dismissed for his failure to prosecute. Any such response by Mr. Campbell shall include his responses to the Motions at ECF Nos. 3 and 7.

Fifth, the Court finds that Mr. Campbell's Motion at ECF No. 39 is UNAVAILING given the foregoing, and the Court therefore DENIES it on that basis.

Sixth, the Court finds that Mr. Campbell's Motion at ECF No. 40 does not apply to this case and therefore DENIES it.

Seventh, the Court DENIES WITHOUT PREJUDICE Mr. Campbell's Motion at ECF No. 43 insofar as it seeks Declaratory Relief because such request is premature at this time. As a courtesy to Mr. Campbell, the Court directs the Clerk to mail him a current copy of the docket sheet in this case after docketing the Opinion and the Order that the Court issues today.

Eighth, the Court DENIES Mr. Campbell's Motion at ECF No. 53 as MOOT.

Ninth, the Court DENIES Mr. Campbell's Motion at ECF No. 54 for the same reasons that the Court articulated in its Memorandum Order at ECF No. 19.

Finally, the Court directs Attorney Zearfus to submit a Status Update to the Court on or before September 22, 2026. That Status Update shall inform the Court whether he has complied with the Letter at ECF No. 14, and if he has not, what steps he will immediately take to come into compliance with that letter.[2]

## II. The Court Denies Mr. Campbell's Requests for Remand (ECF Nos. 16, 23, 38, 41, 52)

In his filings at ECF Nos. 16, 23, 38, 41, and 52, Mr. Campbell argues that the LTPD improperly removed this case to this Court and seeks a remand to state court. For the following reasons, the Court holds that the LTPD acted properly in removing this case to this Court, and the Court will therefore deny Mr. Campbell's requests for remand.

### A. Legal Standard

[2] The Court has subject matter jurisdiction over this case because Mr. Campbell advances claims arising under multiple provisions of federal law. (*See* ECF No. 1-1); 28 U.S.C. §1331. And the Court has supplemental jurisdiction over his other claims. 28 U.S.C. § 1367. Finally, venue is proper in this District because a substantial part of the events giving rise to Mr. Campbell's claims occurred here. 28 U.S.C. § 1391(b)(2).

A "defendant may remove 'any civil action brought in a state court of which the district courts of the United States have original jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending.'" *Martinez v. Dep't of Tranp.*, No. 23-CV-2826, 2024 WL 5456158, at *2 (E.D. Pa. Jan. 16, 2024) (quoting 28 U.S.C. § 1441(a)). The "removal statue 'is strictly construed, requiring remand if any doubt exists over whether removal was proper.'" *Id.* (quoting *Carlyle Inv. Mgmt. LLC. V. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015). Additionally, the "party seeking removal carries the burden of proving that removal is proper." *Carlyle Inv. Mgmt.*, 779 F.3d at 218.

But when must a removal occur in order to comply with the law? To answer that question, the Court turns to Title 28, United States Code, Section 1446(b)(1).

In relevant part, Section 1446(b)(1) provides that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). The Supreme Court has held that the removal period "'is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.'" *Cmiech v. Electrolux Home Prods., Inc.*, 520 F. Supp. 2d 671, 673 (M.D. Pa. 2007) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("holding that time for filing notice of removal began to run when plaintiff formally served defendant, not at the earlier date when plaintiff faxed defendant a file-stamped 'courtesy-copy' of his recently filed complaint")). Indeed, a "court may not exercise power over one who is named as a defendant '[i]n the absence of service of process (or waiver of service by the defendant).'" *Id.* at 674 (quoting *Murphy Bros., Inc.*, 526 U.S. at 350).

The "dispositive question is [thus] whether a defendant was served with 'formal process' prior to the removal, an issue governed by state law." *Ortiz v. Estock*, No. 2:22-CV-928, 2022 WL 11317500, at *2 (W.D. Pa. Sept. 8, 2022), *Report and Recommendation adopted by Ortiz v. Estock*, No. 2:22-CV-928, 2022 WL 11267136 (W.D. Pa. Oct. 19, 2022). In Pennsylvania, the "rules provide that service of a complaint ordinarily must be made by the Sheriff, or, in limited circumstances by a 'competent adult.'" *Martinez*, 2024 WL 5456158, at *2 (quoting Pa. R.C.P. No. 400).

Finally, when a "civil action is removed solely under [S]ection 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). And each "defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." *Id.* § 1446(b)(2)(B). If "defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.* § 1446(b)(2)(C).

**B. Discussion**

As the legal standards above make clear, in order to assess whether removal was proper under the law, the Court needs to assess what occurred in state court relative to the issue of service. It is to that issue that the Court now turns. When the Court does so, it finds that very few, *if any*, Defendants were served in state court in this matter, ultimately leading the Court to hold that the LTPD's removal of this case to this Court was proper. (ECF No. 1).

**1. Relevant Background Regarding Removal**

On August 21, 2024, when this matter was pending before the Blair County Court of Common Pleas, Mr. Campbell filed a "Motion to Provide Sheriff Office with Date Stamp Copy of the Complaint to Serve Respondents[.]" (ECF No. 1-2 at 1). Mr. Campbell also filed a "Motion to Provide Blair County Sheriff/Plaintiff Copy of Complaint" on October 30, 2024. (*Id.* at 2). However, the docket does not contain a return of service from the Sheriff indicating that any Defendant in this matter was served with Mr. Campbell's Complaint. (ECF No. 1-2); *cf. Houser v. Ford Motor Co., and K & H Ford, Inc.*, No. 1:09-CV-2388, 2010 WL 11672679, at *2 n.2 (M.D. Pa. Feb. 1, 2010) (discussing sheriff's: (1) attempt to serve defendant, (2) being unable to do so, and (3) filing a return of service of not found as to that defendant); *Kirby v. Mall*, No. CIV.A. 05-03076, 2005 WL 2660374, at *2 (E.D. Pa. Oct. 17, 2005) ("Pennsylvania courts have long adhered to the rule that in the absence of fraud, the return of service of a sheriff, which is full and complete on its face, is conclusive and immune from attack by extrinsic evidence.") (internal quotation marks and citation omitted).

Further, the only attorneys who entered appearances before the Blair County Court of Common Pleas were: (1) Attorney Herrmann, on August 16, 2024, on behalf of Judge Dunio; (2) Attorney Watson, on November 20, 2024, on behalf of Mr. Jennings; and (3) Attorney Maierhofer, on September 19, 2025, on behalf of the County Defendants. (*See* ECF No. 1-2). And the only *potential* indications of proper service on the state court docket pertain to: (1) Attorney Watson and Mr. Jennings on November 20, 2024, and (2) Attorney Maierhofer and the County Defendants

on September 19, 2025. (*See id.*).[3] Outside of those entries on the docket, nothing indicates that any other Defendant was served in state court in this matter. (*See id.*).[4]

**2. Analysis: The LTPD's Removal Was Proper**

Given all of the foregoing, there is no indication on the state court docket that the LTPD, the Defendant that removed this case to this Court, (ECF No. 1), was ever properly served when this case was pending in state court. And the LTPD represents as much in its filing at ECF No. 31 when it states that it "has never been properly served." (*Id.* at 1).[5] Therefore, the Court finds that the LTPD was never properly served in state court in this matter.

That finding is critical because it means that "the time for removal never began to run [relative to the LTPD, making its September 24, 2025] removal" timely under 28 U.S.C. §1446(b)(2)(B). *Ortiz*, 2022 WL 11317500, at *3; 28 U.S.C. §1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

So, then, the LTPD was permitted to remove this action to this Court under Section 1446(b)(2)(B). But what about the other Defendants in this case?

---

[3] To be clear, the Court is not holding that either Mr. Jennings or the County Defendants were properly served in state court. The Court only notes that, for these Defendants, the docket indicates a "Certificate of Service Filed". (ECF No. 1-2). Therefore, the Court simply observes that fact and notes that, even if these few Defendants were properly served in state court, removal to this Court was nonetheless proper, as the Court explains below.

[4] Mr. Campbell alleges that the Complaint was sent to all Defendants on July 5, 2024, when this case was before the Commonwealth Court of Pennsylvania and prior to the case being transferred to the Blair County Court of Common Pleas, (ECF No. 17 at 1), but Mr. Campbell does not explicitly state by whom the Complaint was sent. Further, contrary to Mr. Campbell's unsupported assertions, the docket sheet from the Commonwealth Court of Pennsylvania indicates that, as of July 15, 2024, the Complaint had not been served on Defendants. (ECF No. 3-10 at 5). In fact, the docket sheet from the Commonwealth Court of Pennsylvania contains no indication at all that the Complaint was ever served upon any Defendant while this case was before that Court. (*See* ECF No. 3-10). Therefore, the Court rejects Mr. Campbell's contentions on this score as factually incorrect.

[5] Likewise, in its Petition for Removal, the LTPD states that it "was not aware of the existence of this civil suit and in particular was not aware of the claims brought under the United States Constitution until counsel was retained and a search of the docket uncovered the Complaint asserting federal question jurisdiction. This occurred on September 9, 2025." (ECF No. 1 at 3).

Relative to that issue, the Court turns its attention to Section 1446(b)(2)(A), which provides that, when a "civil action is removed solely under section 1441(a), all defendants who have been *properly joined and served* must join in or consent to the removal of the action." (emphasis added). In the LTPD's Petition for Removal, it stated that Judge Dunio, Mr. Jennings, the County Defendants, and all other then-represented parties consented to removal. (ECF No. 1 at 2). Therefore, any party that was *potentially* properly served in state court consented to removal to this Court. 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."). And, as the Court explained above, it has no indication whatsoever that any party that did not consent to removal was properly served—the Court actually has dockets indicating that those parties *were not* properly served. *Johnson v. Sec'y of PA. DOC*, No. 99-CV-5325, 2000 WL 136802, at *2 (E.D. Pa. Feb. 7, 2000) ("[T]he non-removing defendants were never properly served with the complaint in the state court action. Thus, their failure to sign the notice of removal or consent otherwise to the removal is not fatal to the removal petition.). Accordingly, the Court holds that the LTPD's removal satisfied Title 28, United States Code, Section 1446 in its entirety.

To summarize, the Court holds that: (1) the LTPD was never properly served when this case was in state court, meaning that the LTPD's removal complied with 28 U.S.C. § 1446(b)(1), (b)(2)(B); (2) any defendant that was even potentially served when this case was in state court consented to the removal of this action to this Court, meaning that 28 U.S.C. § 1446(b)(2)(A) was satisfied in the LTPD's removal of this action; and (3) 28 U.S.C. § 1441(a) is satisfied in this matter because this Court has original jurisdiction over this case. *See supra* Section I n.2.

Therefore, the Court holds that removal was proper, and the Court denies each of Mr. Campbell's requests for remand. (ECF Nos. 16, 23, 38, 41, 52).

Finally, before concluding this section, the Court notes that Mr. Campbell has requested a Default as against the LTPD. (ECF No. 17). However, the docket sheet from the Blair County Court of Common Pleas indicates that the state court did not enter a Default against the LTPD. (ECF No. 1-2). Further, just fifteen (15) days after removing this case to this Court, the LTPD requested, and was ultimately granted, an extension of time, up until November 22, 2025, to file a response to Mr. Campbell's Complaint. (ECF Nos. 9, 11). Then, on November 7, 2025, the Court stayed "all deadlines for responsive pleadings relative to Plaintiff's Complaint … pending the Court's resolution of whether this matter was properly removed to this Court." (ECF No. 26 at 5). Based on all of the foregoing, the Court finds that the LTPD has never been in default in this case and is currently not in default. That finding leads the Court to deny Mr. Campbell's request at ECF No. 17. *Denis v. Nationstar Mortg. LLC*, No. 2:25-CV-13553, 2026 WL 92879, at *2 (D.N.J. Jan. 13, 2026) ("Rule 55(a) requires the Clerk's Office to enter default against a party [against] whom a judgment for affirmative relief is sought *when the party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise*.") (internal quotation marks and citation omitted) (emphasis added).

## III. The Court Denies Mr. Campbell's Motion for Removal of State Court Criminal Cases to this Court (ECF No. 29)

In Mr. Campbell's Motion at ECF No. 29, he seeks the "removal of criminal matters in the Blair County Court of Common Pleas, Pennsylvania case no.'s CP-07-CR-0001328-2020, CP-07-CR-0000749-2022 to [the] Jurisdiction [of this Court] pursuant to 28 U.S.C. [§] 1443[.]" (*Id.* at 1).

28 U.S.C. "Sections 1442, 1442a, and 1443 provide 'limited circumstances in which a criminal state court prosecution can be removed to federal court.'" *Stevens v. Hamilton Twp.*, No. 24-CV-5685, 2025 WL 90037, at *2 (D.N.J. Jan. 13, 2025) (quoting *Pennsylvania v. Smith*, No. 24-1499, 2024 WL 3594362, at *1 (3d Cir. July 31, 2024) and noting that "§§ 1442, 1442[a], 1443(2) can be ruled out as Defendant is not alleged to be a federal or state officer, public employee, or a member of the armed forces."). For Section 1443(1) to apply, "'a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law providing for equal civil rights; and (2) that he is denied or cannot enforce that right in the courts of the state.'" *Id.* (quoting *Delaware v. Desmond*, 792 F. App'x 241, 242 (3d Cir. 2020)). To satisfy the second prong, a denial of rights must "usually be manifest in a formal expression of state law … such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Bayview Loan Servicing LLC v. Farzan*, 720 F. App'x 678, 679 (3d Cir. 2018) (internal quotation marks and citation omitted).

Further, Section 1455(b)(1) "'prescribes the procedure for a state criminal defendant to remove a state criminal prosecution to federal court[.]'" *Stevens*, 2025 WL 90037, at *2 (quoting *PA v. Holloway*, No. 24-2209, 2024 WL 5103009, at *1 (3d Cir. Dec. 13, 2024)). Under Section 1455(b)(1), a "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," except that "for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time."

Here, based on this Court's review of the docket for the two criminal cases Mr. Campbell seeks to remove to this Court, it appears he has plead guilty and been sentenced in his 2020 case, and it appears he has plead guilty and is pending sentencing in his 2022 case. *Docket Sheet for CP-*

*07-CR-0001328-2020*, UNIFIED JUDICIAL SYSTEM OF PA, https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-07-CR-0001328-2020&dnh=eIcfFEHVMnzEXZfmbL9ywQ%3D%3D (last visited Sept. 15, 2026); *Docket Sheet for CP-07-CR-0000749-2022*, UNIFIED JUDICIAL SYSTEM OF PA, https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-07-CR-0000749-2022&dnh=ydjuWLd8oqZgtkC6Wp1Jrg%3D%3D (last visited Sept. 15, 2026). Therefore, the Court finds that Mr. Campbell's Motion is procedurally improper insofar as he is attempting to remove two state court cases in which he has already plead guilty. *Stevens*, 2025 WL 90037, at *3 ("As the matters Stevens attempts to remove have long concluded, the Motion is untimely and must be dismissed.").

Substantively, even taking all of Mr. Campbell's unsupported allegations[6] as true, he has not pointed to "a formal expression of state law … such as a state legislative or constitutional provision" that is manifesting the denial of his federally protected civil rights. *Bayview*, 720 F. App'x at 679 (internal quotation marks and citation omitted) ("As the District Court properly concluded, Farzan has not identified any New Jersey law that would preclude him from vindicating his federal rights or otherwise shown that the New Jersey courts could not enforce those rights.").[7] Accordingly, the Court denies Mr. Campbell's Motion at ECF No. 29.

## IV. The Court Denies Mr. Campbell's Motions for Recusal (ECF Nos. 44, 50)

---

[6] The Court in no way finds these unsupported allegations to be true. The Court stresses that, because Mr. Campbell has simply alleged that a group of people have conspired against him, without providing any particularity regarding that alleged conspiracy, he has left the Court in no place to find that such a conspiracy has in fact occurred or does in fact exist. The Court therefore assumes that these unsupported allegations are true *only* for the purpose of explaining why they do not warrant the granting of Mr. Campbell's Motions *even if they did have a basis in fact*.

[7] Specifically, Mr. Campbell has not explained how Operation Our Town is precluding him from raising his federal rights in state court. (ECF No. 29). Mr. Campbell's explanation is especially deficient given the fact that he appears to have plead guilty to the charges against him in the two cases that he is now seeking to remove to this Court.

In Mr. Campbell's Motions at ECF Nos. 44 and 50, he requests that the undersigned recuse herself from this case under 28 U.S.C. §§ 144 and 455(a), (b).[8] Mr. Campbell's arguments in favor of recusal fall into one of the following two categories, or both: (1) disagreements with this Court's legal rulings or (2) threadbare, generalized, and wholly unfounded accusations of malice on the part of the undersigned against Mr. Campbell. Neither category warrants recusal, taken individually or collectively.

Recusal motions pursuant to § 144 "must be timely filed, contain a good faith certificate of counsel, and include an affidavit stating material acts with particularly which, if true, would lead a reasonable person to the conclusion that the district judge harbored a special bias or prejudice toward the moving party." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 192 (3d Cir. 2007) (internal quotation marks and citation omitted). While the facts "in timely affidavits are accepted as true, conclusory statements and opinions … need not be credited." *Id.* (internal quotation marks and citation omitted). Neither of Mr. Campbell's Motions contain a sworn statement by him, and neither contains anything other than his disagreement with this Court's rulings and/or generalized and unfounded accusations against the undersigned with no basis in fact whatsoever. (*See* ECF Nos. 44, 50). Therefore, the Court denies Mr. Campbell's request for recusal under § 144. *Allen*, 230 F. App'x at 193 ("Allen's allegations of bias amount to no more than speculation, thus hardly providing grounds for Judge Rapaport's recusal under § 144.").

---

[8] In Mr. Campbell's Motion at ECF No. 44, he requests that this case be transferred. The Court can discern no potential basis for transfer in that Motion other than Mr. Campbell's arguments about recusal, which the Court finds unavailing. Therefore, the Court denies Mr. Campbell's request for a transfer in ECF No. 44.

Further, in ECF No. 50, Mr. Campbell requests that Magistrate Judge Pesto be removed from this case. Insofar as Magistrate Judge Pesto no longer works for this Court, the Court denies that component of Mr. Campbell's request as well.

Turning to § 455(a), the "test for recusal under §455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Id.* (internal quotation marks and citation omitted). Once again, the Court holds that Mr. Campbell's disagreements with the undersigned's rulings and generalized and wholly unfounded accusations do not meet this standard—his disagreements and accusations would not lead a reasonable person to question this Court's impartiality.

Turning finally to § 455(b)(1), that provision calls for disqualification of a judge whenever that judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." With respect to this provision, "courts have held that the litigant must prove actual bias or prejudice by compelling evidence … and that the evidence of a negative bias or prejudice … must be grounded in some personal animus or malice that the judge harbors against him." *In re Vascular Access Ctrs., L.P.*, 630 B.R. 137, 153 (Bankr. E.D. Pa. 2021) (cleaned up). "Personal bias or prejudice connotes a favorable or unfavorable disposition or opinion towards an individual in his case that is somehow *wrongful or inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject out not to possess … or because it is excessive in degree." *Id.* (cleaned up) (emphasis in original). Ultimately, "courts must determine whether an informed objective, reasonable observer would be convinced of the judge's bias." *Id.* As before, Mr. Campbell's disagreements with this Court's legal rulings and generalized, wholly unfounded accusations of bias wholly fail to meet this standard. (*See* ECF Nos. 44, 50). Further, none of the other grounds listed in §455(b) are present in this case. Therefore, the Court denies Mr. Campbell's Motions at ECF Nos. 44 and 50 in full.

In denying Mr. Campbell's Motions for Recusal, the Court stresses that it sees Mr. Campbell, like all other litigants before it, as a person cloaked in the full protections offered by

the law, without any reference to any irrelevant, external factors whatsoever. The undersigned has applied the law as written to Mr. Campbell, without bias or prejudice, and the undersigned will continue to follow that course of conduct relative to him in the future.

## V. Remaining Miscellaneous Motions

The Court has now resolved nine of the pending Motions in this case. Before concluding, the Court turns its attention to the remaining seven Motions, addressing each expeditiously.

Turning first to Judge Dunio and Mr. Jenning's Motions to Dismiss, (ECF Nos. 3, 7), the Court observes that Mr. Campbell has not responded to either, despite this Court's Orders to do so. (ECF Nos. 6, 10). The Court therefore takes the following steps relative to ECF Nos. 3 and 7: (1) directs the Clerk of Courts to hold both Motions in abeyance for the present moment, (2) orders Mr. Campbell to show good cause, on or before **October 22, 2026**, as to why this case should not be dismissed for his failure to comply with this Court's orders, (3) orders Mr. Campbell to submit his response in opposition to the Motions at ECF Nos. 3 and 7 along with any response to this Court's order to show cause, and (4) advises Mr. Campbell that failure to respond to this Order to Show Cause may result in the dismissal of this case for failure to prosecute. In the event that Mr. Campbell timely responds to this Order, and in the event that the Court deems his response sufficient, the Court will, sua sponte: (1) direct the Clerk to take the Motions at ECF Nos. 3 and 7 out of abeyance, (2) set a deadline for any Replies by Judge Dunio or Mr. Jennings, and (3) set a deadline for all other Defendants' responsive pleadings to the Complaint.

Turning next to ECF No. 39, in which Mr. Campbell requests that this Court strike certain filings of Defendants in this case regarding the removal of this action to this Court, the Court finds that that Motion is unavailing given the foregoing, and the Court therefore denies it on that basis.

Turning to Mr. Campbell's Motion at ECF No. 40, the Court notes that Mr. Campbell there refers to a matter transferred to this Court from the United States District Court for the Middle District of Pennsylvania. This case was never so transferred. Therefore, the Court denies Mr. Campbell's Motion at ECF No. 40 because it does not pertain to this case.

Turning to ECF No. 43, Mr. Campbell's request therein for Declaratory Relief is premature at this stage in this case, and the Court therefore denies it without prejudice. *White v. Calcon Mutual Mortg., LLC*, No. 2:25-CV-2026, 2026 WL 1041901, at *1 (W.D. Pa. Apr. 17, 2026). As a courtesy to Mr. Campbell, the Court directs the Clerk to mail him a copy of the docket in this matter upon docketing this Opinion and the Order that follows it.

Turning to ECF No. 53, the Court finds that that Motion is mooted by the foregoing and denies it on that ground.

Turning finally to ECF No. 54, the Court denies Mr. Campbell's request for a temporary restraining order or a preliminary injunction for the same reasons it denied his previous request—Mr. Campbell's arguments about his allegedly unlawful conviction and imprisonment are not properly brought via a Section 1983 case before this Court, but rather must be brought, if at all, in habeas. (*See* ECF No. 19).

The Court having now resolved, or at least addressed, all pending Motions before it, the Court turns its attention to one final matter. Specifically, the Court directs Attorney Zearfus to submit a Status Update to the Court on or before September 29, 2026. That Status Update shall inform the Court whether he has complied with the Letter at ECF No. 14, and if he has not, what steps he will immediately take to come into compliance with that letter.

## VI. Conclusion

For the reasons stated above, the Court takes the following ten actions.

First, the Court DENIES Mr. Campbell's requests (ECF Nos. 16, 23, 38, 41, 52) that this action be remanded to the Court of Common Pleas of Blair County Pennsylvania. In a related vein, the Court DENIES Mr. Campbell's request for Default at ECF No. 17.

Second, the Court DENIES Mr. Campbell's Motion to move State Court Criminal Cases Against Him to this Court. (ECF No. 29).

Third, the Court DENIES Mr. Campbell's requests for recusal of the undersigned and a prior Magistrate Judge of this Court. (ECF Nos. 44, 50).

Fourth, the Court will HOLD IN ABEYANCE the Motions to Dismiss at ECF Nos. 3 and 7 because Mr. Campbell has yet to respond to those Motions. In light of Mr. Campbell's failure to respond thereto, the Court will require him to show cause, on or before October 22, 2026, why this case should not be dismissed for his failure to prosecute. Any such response by Mr. Campbell shall include his responses to the Motions at ECF Nos. 3 and 7.

Fifth, the Court finds that Mr. Campbell's Motion at ECF No. 39 is UNAVAILING given the foregoing, and the Court therefore DENIES it on that basis.

Sixth, the Court finds that Mr. Campbell's Motion at ECF No. 40 does not apply to this case and therefore DENIES it.

Seventh, the Court DENIES WITHOUT PREJUDICE Mr. Campbell's Motion at ECF No. 43 insofar as it seeks Declaratory Relief because such request is premature at this time. As a courtesy to Mr. Campbell, the Court directs the Clerk to mail him a current copy of the docket sheet in this case after docketing the Opinion and Order that the Court issues today.

Eighth, the Court DENIES Mr. Campbell's Motion at ECF No. 53 as MOOT.

Ninth, the Court DENIES Mr. Campbell's Motion at ECF No. 54 for the same reasons that the Court articulated in its Memorandum Order at ECF No. 19.

Finally, the Court directs Attorney Zearfus to submit a Status Update to the Court on or before September 29, 2026. That Status Update shall inform the Court whether he has complied with the Letter at ECF No. 14, and if he has not, what steps he will immediately take to come into compliance with that letter.

An appropriate Order will be entered.

Dated: September 22, 2026

Stephanie L. Haines
United States District Court Judge

**Notice by U.S. Mail to:**

Dwight Andre Campbell
QP4379
SCI Dallas
1000 Follies Road
Dallas, PA 18612

Dwight Andre Campbell
QP4379
SCI Smithfield
PO Box 33028
St. Petersburg, FL 33733[9]

[9] The Court notes that Mr. Campbell's most recent Notice of Change of Address (ECF No. 51) indicates that he is housed at SCI Dallas. However, the envelope containing his most recent Motion, (ECF No. 54-1), and the Pennsylvania Department of Correction's Inmate Locator both indicate he is now housed at SCI Smithfield. The Court therefore sends this Opinion and the Order it issues today to Mr. Campbell at both addresses as a courtesy to him. Moving forward, the Court reminds Mr. Campbell that it is his responsibility to keep the Court apprised as to his location and any change(s) in his address.